[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANT'S MOTION RE: ADMISSIONS
CT Page 14852
This is a personal injury claim arising out of an alleged rear-end accident between two motor vehicles on March 31, 1999. Following the deposition of Plaintiff on December 1, 1999, Defendant filed two requests for admissions which were answered. On March 7, 2000 Defendant filed 39 requests for admissions essentially asking Plaintiff to admit facts testified to by him in his deposition. On March 14, 2000, Plaihtiff moved for sanctions to be imposed on Defendant for filing so many requests but Judge Peck sustained Defendant's objection and denied such motion on April 3, 2000. On April 24, 2000, Defendant filed this motion to determine sufficiency of Plaintiff's responses to Defendant's request for admissions and for reimbursement for expenses incurred by Defendant. This latter motion was denied by Judge Rubinow on May 11, 2000, without prejudice.
This unseemly and costly debate about the proper role of admissions reflects on one hand an over zealous use of requests for admissions under Section 13-22 through 13-25 of our Practice Book, and on the other hand a present refusal of Plaintiff to address the requests for admission, even these involving facts material to this case.
While the Practice Book section authorizing requests for admissions seems to place no limitation on the number which can be filed, § 13-22 limits such requests to "matters relevant to the subject matter of the pending action." Plainly, tracking all the testimony of a party at a deposition goes too far, because requests should address only facts material to the case.
Judge Sferazza, in a recent Superior Court decision, drew a line between requests for admissions which seek to confirm the truth of material facts surrounding an accident and those which improperly seek to confirm almost in their entirety the oral responses of a deposed party.Polce v. Ignas, Superior Court, judicial district of Windham at Putnam, No. CV 98-00596535 (February 25, 2000 Sferazza, J.)
This case is an ordinary garden variety rear ender with soft tissue injuries. Under the broad powers conferred upon this court under the general discovery provisions of the Practice Book, particularly § 13-5, Defendant is ordered to reduce his request for admissions to no more than five, except by further order of this court, limited to questions of material fact and Plaintiff is required to file written response within fifteen days of such filing. Any further difference of opinion arising from these requests shall be referred to this court. CT Page 14853
Wagner, J. TJR